UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

DROCO SPORTS SL,
a Spanish entity,

    Plaintiff,

v.

VALLARINO FRY LAW P.A. d/b/a
BUFETE VALLARINO y ASOCIADOS,
a Florida corporation, and NICHOLAS
APOSTOL, a Florida resident.

    Defendants.
_____/

**VERIFIED COMPLAINT**

    Plaintiff, DROCO SPORTS SL ("**Droco**" or "**Plaintiff**"), by and through undersigned counsel, hereby sues Defendants, VALLARINO FRY LAW P.A. d/b/a BUFETE VALLARINO y ASOCIADOS ("**Vallarino Firm**") and NICHOLAS APOSTOL ("**Apostol**") (collectively "**Defendants**"), and states:

**NATURE OF ACTION**

    1.    This action is brought by Droco against the Vallarino Firm and Apostol for their unlawful retention, misappropriation and conversion of over $500,000 of Droco's funds wired to a bank account in Florida in the name of the Vallarino Firm with Apostol as the sole authorized signer, their breaches of contractual and fiduciary duties owed to Droco, and their misrepresentations to Droco that its monies would be returned which Defendants have failed to return. Droco seeks damages against Defendants in at least the principal amount of $525,000 sent to Defendants which has not been returned, plus interest, attorneys' fees, costs, and

1

expenses.

## JURISDICTION, VENUE AND PARTIES

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship.

3. This is an action for money damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

4. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

5. The parties entered into an escrow agreement in which they agreed that the "state and federal Courts in Miami Dade County, Florida shall have the exclusive jurisdiction to resolve any dispute, difference, controversy or claim arising out of or relating to this Agreement."

6. Plaintiff Droco is an entity organized and existing under the laws of Spain with its principal place of business in Spain. Droco is owned by three individuals who reside in and are citizens of Spain. Droco is deemed a citizen of Spain for purposes of 28 U.S.C. § 1332(c).

7. Defendant Vallarino Firm is a for profit corporation incorporated and existing under the laws of Florida with its principal place of business at 789 SW Federal Highway, Suite 200, Stuart, Florida 34994. The Vallarino Firm is deemed a citizen of Florida for purposes of 28 U.S.C. § 1332(c). The Vallarino Firm is a Florida law firm.

8. At all material times, Defendant Vallarino Firm operated, conducted, engaged in, or carried on a business or business venture in Florida or had an office in Florida, and the Vallarino Firm breached a contract in Florida.

9. Defendant Apostol is an individual, *sui juris*, and resides in the Southern District of Florida and is a citizen of Florida for purposes of 28 U.S.C. § 1332(c). Apostol is the

2

registered agent, treasurer, secretary, and a director of the Vallarino Firm.

10. At all material times, Defendant Apostol operated, conducted, engaged in, or carried on a business or business venture in Florida or had an office in Florida.

11. Defendants Vallarino Firm and Apostol were at all material times engaged in substantial and not isolated activity in Florida.

## GENERAL ALLEGATIONS

12. In 2018, Droco was introduced to Defendants in connection with an investment opportunity with the Vallarino Firm in which it would serve as the escrow agent charged with maintaining Droco's monies in a designated escrow account in connection with funding needed for a transaction in Panama. Defendants represented to Droco that the Vallarino Firm would return Droco's monies, plus a return on the invested funds, within a designated period of time.

13. Upon information and belief, the Vallarino Firm served as escrow agent for other individuals and entities for investment opportunities in connection with funding needed for transactions in Panama, similar to the investment opportunity presented to Droco.

14. On September 19, 2018, Droco entered into an Escrow Agreement with the Vallarino Firm which was signed by Apostol on behalf of the Vallarino Firm. The Escrow Agreement was also signed and accepted by Andres Avelino Jaen, a partner of the Vallarino Firm. A true and correct copy of the Escrow Agreement is attached hereto as **Exhibit A**.

15. On September 25, 2018, Droco sent a wire transfer in the amount of $525,000 ("**Escrow Funds**") to an account in the name of the Vallarino Firm at JP Morgan Chase Bank, N.A. (the "**Escrow Account**").

16. Pursuant to the Escrow Agreement, the Vallarino Firm, as escrow agent, was required to maintain the Escrow Funds in the designated Escrow Account for no more than 120

days from the date of deposit (the "**Funding Period**"), unless extended by 30 days by the parties, in connection with, according to the Escrow Agreement, funding needed for a transaction at the Tocumen International Airport in the Republic of Panama. *See* Exhibit A at §§ B-C, ¶ 2.b.

17. After the Funding Period, the Vallarino Firm was required to return the Escrow Funds, plus 30%, *i.e.,* $157,500 (the "**Returns**"), for a total of $682,500 to Droco, within three days of a written request for the return as set forth in the Escrow Agreement, *to wit*:

> Upon full execution of this agreement and acceptance by the Escrow Agent, [Droco] shall deposit **USD $525,000** (hereinafter the "Escrow Funds") in the Escrow Account to be held by the Escrow Agent for no more than 120 days from the date of deposit (hereinafter the "Funding Period"). Upon the expiration of the Funding Period, the Escrow Funds plus an agreed return amount ("the Returns") shall be refunded to [Droco] within three (3) days of receiving a written request for said refund. The Parties may extend the Funding Period for an additional thirty (30) days pursuant to a written agreement signed by [Droco] and Escrow Agent.

*See* Exhibit A at ¶ 2.b.

18. The Vallarino Firm was required to maintain the Escrow Account at JP Morgan Chase Bank, N.A., Stuart, Florida, which was controlled by Apostol as the sole signatory on the Escrow Account, and no other individual could be added as a signatory to the Escrow Account pursuant to the Escrow Agreement. *See* Exhibit A at ¶¶ 2.a. and 6.a.

19. The Escrow Agreement required the Vallarino Firm to submit status reports of the transaction to Droco every thirty days. *See* Exhibit A at ¶ 6.c.

20. The Escrow Agreement provides that, for as long as the Vallarino Firm held the Escrow Funds, Droco is entitled to a written proof of funds letter from the Vallarino Firm, including a copy of the account statement of the Escrow Account demonstrating the Escrow Funds in the Escrow Account, on a monthly basis. *See* Exhibit A at ¶ 5.b.

21. After the Funding Period expired in January 2019, Defendants failed to return the Escrow Funds or Returns to Droco despite demand by Droco.

22. Instead of returning the Escrow Funds and Returns to Droco at the end of the Funding Period, Defendants made promises and assurances to Droco, including that Defendants were working on obtaining certain documentation to effectuate the return of the Escrow Funds to Droco, and represented to Droco that the Escrow Funds were still being maintained in the Escrow Account.

23. Droco continued to demand the return of its monies from Defendants which responded with unfulfilled promises and assurances that the monies would be returned to Droco.

24. In June 2020, Apostol acknowledged in writing that Defendants were responsible for the return of the Escrow Funds to Droco and requested that Droco send a notarized written request for return of its monies.

25. Droco, relying on Defendants' representations and instructions, sent a written notarized letter to Defendants demanding the return of Droco's monies on June 29, 2020. A true and correct copy of Droco's June 29, 2020 letter is attached hereto as **Exhibit B**.

26. Pursuant to the Escrow Agreement, Defendants had three days to deliver the Escrow Funds to Droco.

27. However, Defendants failed to return the Escrow Funds to Droco after the three days. Instead, Defendants continued throughout 2020 and 2021 to misrepresent to Droco that they would return the Escrow Funds to Droco.

28. In addition to Defendants' failure to comply with their duties to return Droco's funds, the Vallarino Firm failed to regularly provide Droco with status reports pertaining to the transaction or provide documentation pertaining to the transaction in Panama despite demand by

Droco.

29. The Vallarino Firm also failed to provide Droco with a copy of a bank account statement of the Escrow Account demonstrating the Escrow Funds are being properly maintained in the Escrow Account on a monthly basis as required by the Escrow Agreement.

30. Clearly, the Vallarino Firm must return to Plaintiff the monies held under the Escrow Agreement. The last bank statement sent by Defendants to Droco pertaining to its funds reflects a balance of $524,848.00 in the Escrow Account in the name of the Vallarino Firm. A true and correct copy of the JPMorgan Chase Bank August 2022 statement for the Escrow Account is attached hereto as **Exhibit C**.

31. Notwithstanding Droco's repeated demands, Defendants have failed to refund the principal amount of $525,000 due to Droco, which the Vallarino Firm is holding in the Escrow Account.

32. Droco has suffered damages in the principal amount of $525,000 as a result of Defendants' representations, breaches, and misappropriation of Droco's monies.

33. Droco has fully performed its obligations under the Escrow Agreement.

34. Droco has retained the undersigned law firm to prosecute this action and is obligated to pay reasonable attorneys' fees and costs for its services.

35. All conditions precedent to the filing of this action, if any, have been performed, have occurred, or have been waived.

## COUNT I
## BREACH OF CONTRACT
### (as to Vallarino Firm)

Droco re-alleges and incorporates herein by reference paragraphs 1 through 35 above as if fully set forth herein.

36. Droco and the Vallarino Firm entered into the Escrow Agreement, which is a valid, enforceable and binding contract under Florida law.

37. Droco wire transferred the Escrow Funds, *i.e.*, $525,000, to the Escrow Account in the name of the Vallarino Firm at JP Morgan Chase Bank on September 25, 2018, pursuant to the Escrow Agreement.

38. The Funding Period under the Escrow Agreement has expired.

39. The Vallarino Firm materially breached the Escrow Agreement by failing to return Droco's funds after the Escrow Agreement terminated by its own terms under paragraph 2.b., requiring the return of the Escrow Funds to Droco.

40. The Vallarino Firm materially breached the Escrow Agreement by failing to provide regular status reports as to the status of the Escrow Funds as required by paragraph 6.c. of the Escrow Agreement.

41. The Vallarino Firm materially breached the Escrow Agreement by failing to provide Droco with a copy of the account statement of the Escrow Account demonstrating the Escrow Funds in the account on a monthly basis as required by paragraph 5.b of the Escrow Agreement.

42. As a direct and proximate result of the Vallarino Firm's material breaches of the Escrow Agreement, Droco has suffered damages, including, but not limited to, the principal amount of $525,000, plus interest, expenses, and attorneys' fees.

WHEREFORE, Plaintiff DROCO SPORTS SL demands judgment in its favor and against Defendant Vallarino Fry Law Firm P.A. d/b/a Bufete Vallarino y Asociados for money damages, including the principal amount of $525,000.00, interest, expenses, costs, attorneys' fees pursuant to paragraph 17 of the Escrow Agreement, and such other and further relief as the Court deems

just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### (as to Vallarino Firm and Apostol)

Droco re-alleges and incorporates herein by reference paragraphs 1 through 35 above as if fully set forth herein.

43. The Vallarino Firm was charged with the role of Escrow Agent under the Escrow Agreement. *See* Exhibit A at A.-C.

44. The Vallarino Firm, as escrow agent, managed the accounting of the Escrow Funds.

45. Apostol is listed as the duly authorized representative of the Vallarino Firm under the Escrow Agreement and the individual with the sole signatory authority on the Escrow Account.

46. Apostol acted on behalf of the Vallarino Firm by taking affirmative steps to effect the execution of the Escrow Agreement and communicating with Droco regarding the Escrow Funds and Escrow Agreement, thereby holding himself out to Droco in a fiduciary capacity.

47. Droco placed trust and confidence in the Vallarino Firm and Apostol to properly manage the Escrow Funds and properly act as escrow agent under the Escrow Agreement.

48. The Vallarino Firm and Apostol accepted this fiduciary capacity and Droco's placement of trust and confidence in them, and, as such, owed fiduciary duties to Droco.

49. Defendants established a fiduciary duty with Droco, whether express or implied in law, based upon the special relationship and factual circumstances described herein.

50. The Escrow Agreement expressly acknowledges that "[a] fiduciary relationship-shall exist between ESCROW AGENT and [Droco] and ESCROW AGENT acknowledges its

fiduciary obligations to [Droco]." *See* Exhibit A at ¶ 6.b.

51.     Defendants breached their fiduciary duties to Droco by, *inter alia*, failing to comply with the terms of the Escrow Agreement by delivering the Escrow Funds and Returns to Droco, failing to keep Droco timely advised as to the status of the Escrow Funds and/or misappropriating the Escrow Funds and Returns.

52.     As a direct result of the Vallarino Firm's and Apostol's breaches of their fiduciary duties to Droco, Droco has suffered damages.

WHEREFORE, Plaintiff DROCO SPORTS SL demands judgment in its favor and against Defendants Vallarino Fry Law Firm P.A. d/b/a Bufete Vallarino y Asociados and Nicholas Apostol for money damages, including the principal amount of $525,000.00, interest, expenses, costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

**COUNT III**
**CONVERSION**
**(as to Vallarino Firm and Apostol)**

Droco re-alleges and incorporates herein by reference paragraphs 1 through 35 above as if fully set forth herein.

53.     Defendants Vallarino Firm and Apostol converted for their own use specifically identifiable funds in the amount of $525,000 belonging to Droco that it wired to the Escrow Account in the Vallarino Firm's name which is controlled by Apostol as the sole authorized signer.

54.     The Vallarino Firm and Apostol, without permission of Droco, unlawfully retained the monies and accepted monies that did not rightfully belong to them.

55.     The Vallarino Firm and Apostol have wrongfully asserted dominion over Droco's monies in the principal amount of $525,000, *i.e.*, the Escrow Funds, plus $157,500, *i.e.*, the

Returns, despite having actual knowledge that they are not the owner of the monies.

56. Droco's multiple demands for the return of its monies have been wrongfully denied by Defendants.

57. Droco has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff DROCO SPORTS SL demands judgment in its favor and against Defendants Vallarino Fry Law Firm P.A. d/b/a Bufete Vallarino y Asociados and Nicholas Apostol for money damages, including the principal amount of $525,000.00, interest, expenses, costs, and such other and further relief as the Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT
(as to Vallarino Firm and Apostol)

Droco re-alleges and incorporates herein by reference paragraphs 1 through 4, 6 through 13, 15, 21 through 24, 31, 32, 34 and 35 above as if fully set forth herein.

58. Droco conferred a benefit upon Defendants, which had knowledge thereof, by wiring the principal amount of $525,000 to the Escrow Account in the name of the Vallarino Firm controlled by Apostol as the sole authorized signer.

59. Defendants knowingly and voluntarily accepted and retained the benefits of Droco's monies, *i.e.*, the principal amount of $525,000.

60. Defendants failed to compensate Droco for the value of the benefit conferred by Droco in the principal amount of $525,000.

61. As a result, Defendants have been unjustly enriched, and the circumstances are such that it would be inequitable for Defendants to retain the benefits conferred by Droco without paying the full value thereof.

62. Droco does not have an adequate remedy at law.

WHEREFORE, Plaintiff DROCO SPORTS SL demands judgment in its favor and against Defendants Vallarino Fry Law Firm P.A. d/b/a Bufete Vallarino y Asociados and Nicholas Apostol for money damages, including the principal amount of $525,000.00, interest, expenses, costs, and such other and further relief as the Court deems just and proper.

**COUNT V**
**<u>FRAUD</u>**
**(as to Vallarino Firm and Apostol)**

Droco re-alleges and incorporates herein by reference paragraphs 1 through 35 above as if fully set forth herein.

63. Defendants have defrauded Droco by, among other things, inducing Droco to wire monies into the account of the Vallarino Firm over which Apostol was the sole authorized signer, without any intent of returning Droco's monies.

64. At or before the Escrow Funds being wired by Droco to the Vallarino Firm, Defendants made false statements of material fact to Droco, including that the Vallarino Firm would properly serve as an escrow agent, that the Escrow Funds would be maintained in the Escrow Account, and that the Escrow Funds would be returned after the Funding Period.

65. After the Escrow Funds were wired by Droco to the Vallarino Firm, Defendants represented to Droco that the Escrow Funds were in their possession or control and would be returned to Droco.

66. Defendants had knowledge that these representations were false when made to Droco.

67. Defendants intended that these representations they made to Droco would induce Droco to act, including Droco's decision to wire transfer $525,000 into an account in the name of

the Vallarino Firm in Florida and continue to wait for the return of Droco's monies based on Defendant's promises.

68. Droco justifiably relied upon Defendants' material representations to Droco's detriment.

69. Droco has suffered damages as a direct and proximate result of Defendants' misrepresentations and fraudulent actions.

WHEREFORE, Plaintiff DROCO SPORTS SL demands judgment in its favor and against Defendants Vallarino Fry Law Firm P.A. d/b/a Bufete Vallarino y Asociados and Nicholas Apostol for money damages, including the principal amount of $525,000.00, interest, expenses, costs, and such other and further relief as the Court deems just and proper.

## COUNT VI
## FDUPTA
### (as to Vallarino Firm and Apostol)

Droco re-alleges and incorporates herein by reference paragraphs 1 through 35 above as if fully set forth herein.

*70.* This is a cause of action against Defendants Vallarino Firm and Apostol for violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), § 501.201, *et seq*.

71. Droco is a consumer within the meaning of Section 501.203(7) of the Florida Statutes.

72. Defendants Vallarino Firm and Apostol engaged in trade or commerce within the meaning of Section 501.203(8), Florida Statutes, by interacting with Droco to conduct a business transaction, entering into the Escrow Agreement with Droco, and purportedly acting as an escrow agent providing professional services to Droco.

73. Defendants made misrepresentations to Droco to induce it to enter into the Escrow Agreement and investing the Escrow Funds which were unfair, unconscionable and deceptive. Apostol, by serving as the authorized representative for the Vallarino Firm, signatory to the Escrow Agreement and sole signatory with control over the Escrow Account, facilitated in the unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce.

74. As of result of Vallarino Firm's and Apostol's deceptive trade practices, Droco, acting reasonably under the circumstances, was deceived into entering into the Escrow Agreement and delivering the Escrow Funds to Defendants in the Escrow Account in the name of the Vallarino Firm based on Defendants' assurances that Droco would receive the timely return of the Escrow Funds and Returns.

75. Defendants' conduct was likely to deceive a consumer acting reasonably in the circumstances in which Droco was placed to its detriment.

76. Upon information and belief, Defendants' conduct is part of a scheme to defraud potential investors and other members of the public in Florida and otherwise.

77. As a direct and proximate result of Defendants' unfair, unconscionable and deceptive conduct, Droco has suffered damages including, but not limited to, the full amount of the Escrow Funds, interest and attorneys' fees.

78. Pursuant to Sections 501.211(2) and 501.2105, Florida Statutes, Droco is entitled to recover its reasonable attorneys' fees from Defendants.

WHEREFORE, Plaintiff DROCO SPORTS SL demands judgment in its favor and against Defendants Vallarino Fry Law Firm P.A. d/b/a Bufete Vallarino y Asociados and Nicholas Apostol for money damages, including the principal amount of $525,000.00, interest, expenses,

costs, attorneys' fees and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Droco Sports SL hereby demands a trial by jury of all issues so triable.

                Respectfully submitted,

                AVILA RODRIGUEZ HERNANDEZ
                  MENA & GARRO LLP
                *Attorneys for Plaintiff Droco Sports SL*
                2525 Ponce de Leon Boulevard, Suite 1225
                Coral Gables, Florida 33134
                Telephone: (305) 779-3560
                Fax: (305) 779-3561

                By:  s/Martha R. Mora
                      Daniel O. Mena
                      Florida Bar No. 059579
                      dmena@avilalaw.com
                      jabaunza@avilalaw.com
                      Martha R. Mora
                      Florida Bar No. 648205
                      mmora@avilalaw.com
                      jabaunza@avilalaw.com
                      Nadia Ennaji
                      Florida Bar No. 1002738
                      nennaji@avilalaw.com

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that I have read the Complaint of Droco Sports SL against Vallarino Fry Law P.A. d/b/a Bufete Vallarino y Asociados and Nicholas Apostol and state that the facts alleged therein are true and correct to the best of my knowledge and belief and that I am authorized to make this Verification on behalf Droco Sports SL.

By: _____
Maria Teresa Riberas Mera, as
Administrator
Droco Sports SL